STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
September 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MICHAEL D. CAUDILL JR.,**
**Claimant Below, Petitioner**

**vs.)   No. 11-1663**  (BOR Appeal No. 2045935)
                (Claim No. 2011002416)

**CRUM CONTRACTING, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Michael D. Caudill Jr., by Anne L. Wandling, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Crum Contracting, Inc., by H. Dill Battle III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 7, 2011, in which the Board affirmed a May 9, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 28, 2010, decision rejecting Mr. Caudill's claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 7, 2010, Mr. Caudill sought treatment at Logan Regional Medical Center for pain in both knees and he submitted a report of injury on the same day. The initial records of the injury indicate that Mr. Caudill strained his left and right knees, on June 20, 2010, while stepping up and down on a ladder. X-rays taken at the time did not show a fracture, dislocation, or convincing joint effusion. The clinical impression listed on the injury report was left and right knee strain and degenerative joint disease in both knees. Following the initial report of the injury, Mr. Caudill was examined by Dr. McCleary. The x-rays taken at the time showed osteophytes and Dr. McCleary's assessment was that Mr. Caudill had bilateral knee patella chondromalacia. On July 28, 2010, the claims administrator denied Mr. Caudill's application for benefits because

the injury was an aggravation or recurrence of a pre-existing condition and there was no isolated fortuitous event which caused the injury. Following the denial, Mr. Caudill testified at a hearing before the Office of Judges. Mr. Caudill stated that he was kneeling, working on a wall plate, and when he stood up he felt his left knee pop. The Office of Judges affirmed the claims administrator's decision on May 9, 2011, and the Board of Review affirmed the Order of the Office of Judges on November 7, 2011, leading Mr. Caudill to appeal.

The Office of Judges concluded that Mr. Caudill's knee problems were the result of a chronic degenerative condition caused by chondromalacia or osteoarthrosis. The Office of Judges concluded that these were not caused by any work injury and were not compensable conditions. The Office of Judges noted that Mr. Caudill did not provide a consistent account of the circumstances of his injury. It noted that, although Mr. Caudill testified that only one of his knees popped, he later complained of an injury to both knees. The Office of Judges found that the diagnosis of chondromalacia, which is a degenerative and non-compensable disease, provided a more likely explanation of Mr. Caudill's condition. The Office of Judges determined that Mr. Caudill's knee problems were more than likely naturally occurring and unrelated to his work. Based on this determination, the Office of Judges affirmed the claims administrator's denial of Mr. Caudill's application for benefits. The Board of Review then adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusion of the Board of Review and the findings of the Office of Judges. Mr. Caudill has not demonstrated that he received a personal injury in the course of and resulting from his employment. He has not presented a consistent account of the circumstances of his injury and the medical evidence in the case weighs in favor of finding that his condition is the result of degenerative non-compensable condition in his knees. Mr. Caudill's condition is not compensable.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   September 12, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum